**Lee Wendell RIELS, Plaintiff–Appellant,**

v.

**Kathleen ALLISON, Warden; et al., Defendants–Appellees.**

No. 14–16271.

United States Court of Appeals,
Ninth Circuit.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

558

Submitted July 21, 2015.*

Filed July 31, 2015.

Lee Wendell Riels, San Diego, CA, pro se.

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

## MEMORANDUM **

California state prisoner Lee Wendell Riels appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir.2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Riels' action because Riels failed to allege facts sufficient to show that defendants subjected him to unsanitary conditions that were severe or prolonged, or that defendants disregarded an excessive risk to Riels' health or safety. *See Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; prisoner's difference of opinion concerning the course of treatment does not amount to deliberate indifference); *Anderson v. County of Kern*, 45 F.3d 1310, 1313–14 (9th Cir.1995) (although "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment[,]" prisoner must show that prison officials knew of and disregarded an excessive risk to inmate health or safety).

The district court did not abuse its discretion by dismissing without leave to amend because the deficiencies in Riels's complaint could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.